UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HOLLY S.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-03456-JMS-TAB |
| | ) |
| NANCY A. BERRYHILL, Deputy Commissioner | ) |
| for Operations, Social Security Administration,[2] | ) |
| | ) |
| Defendant. | ) |

## **ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Holly S. applied for disability insurance benefits from the Social Security Administration ("SSA") on May 1, 2014, alleging an onset date of December 10, 2011. [Filing No. 12-2 at 21.] Her application was initially denied on October 22, 2014, [Filing No. 12-4 at 4], and upon reconsideration on January 30, 2015, [Filing No. 12-4 at 14]. Administrative Law Judge Jody Hilger Odell (the "ALJ") held a hearing on September 15, 2016. [Filing No. 12-2 at 36-61.] The ALJ issued a decision on October 24, 2016, concluding that Holly S. was not entitled to receive disability insurance benefits. [Filing No. 12-2 at 18.] The Appeals Council denied review on

---

[1] In an attempt to protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] It has come to the Court's attention that on March 6, 2018, the General Counsel of the U.S. Government Accountability Office (GAO) notified the President that effective November 17, 2017, Nancy A. Berryhill could no longer serve as the "Acting Commissioner" of the Social Security Administration pursuant to the Federal Vacancies Reform Act of 1998, Pub.L.No. 105-277, Div. C, Title I, 112 Stat. 2681-611 (Oct. 21, 1998), as amended, 5 U.S.C. §§ 3345-3349d. GAO, https://www.gao.gov/products/D18772#mt=e-report (last visited Aug. 13, 2018). The case caption has been updated to reflect Ms. Berryhill's current official title.

1

August 4, 2017. [Filing No. 12-2 at 2.] On September 27, 2017, Holly S. timely filed this civil action, asking the Court to review the denial of benefits pursuant to 42 U.S.C. § 405(g). [Filing No. 1.]

# I.
### STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits … to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last … not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Deputy Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(iv), (v). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Deputy Commissioner. *See Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

# II.
## BACKGROUND

Holly S. was 53 years of age at the time she applied for disability insurance benefits. [Filing No. 12-5 at 2.] She has completed a high school education, [Filing No. 12-6 at 6], and previously worked as a security guard, [Filing No. 12-2 at 28.][3]

The ALJ followed the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Holly S. was not disabled. [Filing No. 12-2 at 28.] The ALJ found as follows:

- At Step One, Holly S. had not engaged in substantial gainful activity[4] since December 10, 2011, the alleged onset date. [Filing No. 12-2 at 23.]

- At Step Two, Holly S. had the following severe impairments: degenerative disc disease of the cervical and lumbar spine and chronic obstructive pulmonary disease ("COPD"). [Filing No. 12-2 at 23.]

- At Step Three, Holly S. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Filing No. 12-2 at 24.]

- After Step Three but before Step Four, Holly S. had the RFC "to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; and never be exposed to pulmonary irritants such as concentrated fumes, odors, dusts, or gases." [Filing No. 12-2 at 25.]

- At Step Four, relying on the testimony of the vocational expert ("VE") and considering Holly S.'s RFC, she was capable of performing her past relevant work as a security guard. [Filing No. 12-2 at 28.]

---

[3] The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[4] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

# III.
## DISCUSSION

Holly S. asserts that she is disabled due to a combination of chronic pain, degenerative joint disease, osteoporosis, osteoarthritis, COPD, depression, anxiety, and panic attacks. [Filing No. 1 at 2]; [Filing No. 17 at 1-2.] Because she is proceeding in this matter *pro se*, the Court will liberally construe her pleadings. *See, e.g., Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). She contends that despite daily medication and inhalers used for her COPD, it is hard for her to lift or exert herself because she runs "out of air very easy." [Filing No. 17 at 1-2.]

The Deputy Commissioner argues that the ALJ's decision should be upheld because her RFC finding was supported by substantial evidence and the ALJ articulated her conclusions in accordance with Social Security Ruling ("SSR") 96-8p. [Filing No. 26 at 13-14.] Prior to reaching her RFC findings, the Deputy Commissioner contends that the ALJ properly determined that Holly S.'s mental health impairments were not severe at Step Two and that neither her spinal disorder nor her COPD met or equaled a listing at Step Three. [Filing No. 26 at 14-15.] Specifically with regard to the COPD, the Deputy Commissioner observes that the ALJ found that a listing was not met or equaled based on the ALJ's review of test results from a pulmonary function study. [Filing No. 26 at 15.] The Deputy Commissioner further asserts that the ALJ considered Holly S.'s COPD in detail when assessing her RFC, including a discussion of the clinical findings resulting from a pulmonary consultation, and that the ALJ "indicated that she took Plaintiff's COPD into account when she limited Plaintiff to light work and precluded her from all respiratory irritants." [Filing No. 26 at 16 (citing Filing No. 12-2 at 27).] The Deputy Commissioner also argues that the ALJ's RFC finding was supported by the opinions of the state agency reviewing physicians, who limited Holly S. to a range of light work and which were given considerable weight by the ALJ. [Filing No. 26 at 17.] The Deputy Commissioner noted that "[t]he ALJ acknowledged Plaintiff's

5

diagnosis of COPD post-dated these physicians' opinions, but the ALJ indicated that she took this newer diagnosis into account by adding respiratory restrictions." [Filing No. 26 at 17 (citing Filing No. 12-2 at 28).] Furthermore, the Deputy Commissioner argues that the ALJ properly discounted a treating source opinion supportive of disability, because the statement was both conclusory and equivocal in nature, [Filing No. 26 at 18], and that recent evidence submitted by Holly S. after the ALJ's determination is not material to the period at issue under review, [Filing No. 26 at 20-23].

To prove presumptive disability by meeting the severity of a listed impairment, a claimant must establish, with objective medical evidence, all of the criteria specified in the listing. *See* 20 C.F.R. § 404.1525; *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990); *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004) ("The applicant must satisfy all of the criteria in the Listing in order to receive an award of" benefits at step three). In the alternative, a claimant can establish "medical equivalence" in the absence of one or more of the findings if they have other findings related to the impairment or have a combination of impairments that "are at least of equal medical significance." *See* 20 C.F.R. § 404.1526(a)-(b). "Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue." *Barnett*, 381 F.3d at 670. Moreover, "longstanding policy requires that the judgment of a physician (or psychologist) designated by the [Deputy] Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." SSR 96-6p (S.S.A. July 2, 1996), 1996 WL 374180 at *3.

The ALJ failed to submit the updated evidence, including a new diagnosis of COPD which the ALJ determined was a severe impairment, to expert scrutiny, beginning with her determination that Holly S.'s impairments alone or in combination did not meet or equal a listing. The ALJ

6

discussed her listing conclusions regarding Holly S.'s COPD, including an observation that the results of pulmonary function testing did not meet the values required in Listing 3.02. [Filing No. 12-2 at 24-25.] Later in the decision, the ALJ explained, "I afford considerable weight to the State agency medical consultants' opinion because they concluded the claimant was capable of performing light work, which I find consistent with the record as a whole. I added respiratory restrictions based on newly diagnosed COPD, otherwise, I find their opinion most reliable." [Filing No. 12-2 at 28.] An ALJ may rely on forms completed by the state agency consultants as substantial evidence that those experts concluded that no listing was met or equaled. *Scheck v. Barnhart*, 357 F.3d 697, 700-01 (7th Cir. 2004) (citing *Steward v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988)); SSR 96-6p, 1996 WL 374180 at *3. However, "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018), as amended on reh'g (Apr. 13, 2018). The latest consultant review was completed on January 29, 2015. [Filing No. 12-3 at 11.] The ALJ acknowledged in the decision that the diagnosis of COPD post-dated the review, but failed to seek updated expert guidance as to the functional effects of the impairment. At the least, the failure to do so was error absent the required medical judgment that the impairment does not equal a listing, either alone or in combination with the other impairments of record. Accordingly, the Court finds that remand is necessary for further consideration of Holly S.'s combined impairments, including her COPD, beginning at Step Three with the assistance of an expert.

Relatedly, expert guidance should be sought as to the effect of Holly S.'s COPD on her RFC. Not only was the condition formally diagnosed upon referral to a specialist in May 2016 (well after the latest expert review), [Filing No. 12-7 at 49], the work-up was the result of

7

progressive complaints of dyspnea (shortness of breath) along with exertion beginning with mild, non-limiting symptoms a year prior which had become more significant "over the past few months," [Filing No. 12-7 at 48; Filing No. 12-7 at 54]. The ALJ did partially credit those complaints, without altering the consultant's proposed exertional RFC, by adding additional environmental limitations that Holly S. should "never be exposed to pulmonary irritants such as concentrated fumes, odors, dust, or gases." [Filing No. 12-2 at 25; *see* Filing No. 12-3 at 16-18 (latest consultant RFC assessment).] However, the ALJ did not address testimony that Holly S. also had issues with heat and humidity as a result of her COPD. [Filing No. 12-2 at 49; Filing No. 12-2 at 53.] Moreover, it is difficult to follow the ALJ's logic as to how additional restrictions were discounted. For example, the ALJ found it notable that a consultative examination revealed normal cardiopulmonary functioning. [Filing No. 12-2 at 27.] However, the examination occurred on October 11, 2014, well before the complaints of shortness of breath had started, much less progressed. [Filing No. 12-7 at 41-43.] The ALJ did summarize the updated clinical testing in connection with the later specialist consultation, including a pulmonary function study revealing moderate airway obstruction. [Filing No. 12-2 at 27.] However, again, "ALJs are required to rely on expert opinions instead of determining the significance of particular medical findings themselves." *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014), as amended on denial of reh'g (Oct. 24, 2014) (citing *Blakes ex rel. Wolfe v. Barnhart,* 331 F.3d 565, 570 (7th Cir. 2003)). Further consideration of the RFC is required.

In regards to any claim that could be construed based on the submission of updated medical evidence, the issue is rendered moot in light of the Court's instructions to remand the case for further proceedings. On remand, any updated evidence should be considered to the extent it is relevant in light of the date last insured. *See* [Filing No. 12-2 at 23 (December 31, 2016).]

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **REVERSES** the ALJ's decision denying Holly S.'s benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C.§ 405(g) (sentence 4) as detailed above. Final Judgment will issue accordingly.

Date: 8/16/2018

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

By U.S. Mail:

Holly S.
(address on record with the court)

All Electronically Registered Counsel

9